

# FULL AND COMPLETE RELEASE OF ALL CLAIMS[1]

**THIS SETTLEMENT** is made and entered into by and between Named Plaintiff Cindy Zubak (hereinafter "Plaintiff") and Eagle Medical Staffing, LLC (hereinafter "Eagle Medical") and Danny Harlow, Individually (hereinafter "Harlow"), including any and all past, present, and future parent companies, d/b/a's, subsidiaries, affiliates, divisions, successors, successors in interest, asset purchasers, assigns, predecessors, and the like, and any of Eagle Medical Staffing, LLC's and Danny Harlow's, and such other individuals' and entities' past, present, and future board members, owners, directors, officers, members, employees, agents, lessees, managers, attorneys, shareholders, assigns, underwriters, insurers, spouses, and any other person, firm, corporation or entity in any way related to Eagle Medical Staffing, LLC and Danny Harlow, including his wife, Karen Harlow (collectively hereinafter "Defendants").  Plaintiff and Defendants are collectively referred to herein as the "Parties."

## PURPOSE

This Agreement is made as a compromise and final settlement of disputed claims brought by Cindy Zubak for alleged violations by Defendants of the Fair Labor Standards Act.

## RECITALS

**WHEREAS,** on or about October 6, 2014, Named Plaintiff filed her Complaint, captioned *Cindy Zubak, on behalf of herself and those similarly situated v. Eagle Medical Staffing, LLC and Danny Harlow, Individually,* Case 2:14-CV-02779-SHL-CGC, in the United States District Court for the Western District of Tennessee, Western Division (the "Lawsuit"), alleging violations of the

---

[1] Referred to as "Settlement" throughout.
FPDOCS 30483869.1
FPDOCS 30485752.1

Fair Labor Standards Act against Defendants related to her work for Defendants;

**WHEREAS**, Defendants deny that they violated applicable wage and hour law or any other law, requirement, or common-law principles or otherwise treated Plaintiff improperly regarding her employment classification or the payment of wages or compensation for time worked;

**WHEREAS**, Plaintiff and Defendants respectively recognize the risks and expense of proceeding to trial;

**WHEREAS**, Plaintiff recognizes that Plaintiff's ability to recover all or part of the relief sought in the Lawsuit is subject to numerous risks;

**WHEREAS**, the Parties exchanged relevant information pertaining to wages and hours of Plaintiff;

**WHEREAS**, Plaintiff does now wish to and hereby agrees to resolve and settle any and all claims against Defendants, specifically including all those relating to the work performed for Defendants and Lawsuit;

**WHEREAS**, the Parties acknowledge and agree that this lawsuit involves bona fide disputed issues of law and fact, including, but not limited to, whether Plaintiff was properly classified as an independent contractor and properly compensated for all hours worked;

**WHEREAS**, Plaintiff and Defendants, through their respective counsel, engaged in lengthy and arms-length negotiations, resulting in an agreement to settle claims for wages, liquidated damages, a general release, as well as for attorneys' fees and costs, which were negotiated separately; and

**WHEREAS**, the Parties acknowledge that settlement of this case is dependent upon and subject to conditions for final settlement as outlined herein;

**NOW, THEREFORE, IN CONSIDERATION** of the mutual agreements and promises set forth within this Settlement, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants agree as follows:

1. **Full Release.** In consideration for the funds received pursuant to this Agreement and for the other promises by Defendants herein, Plaintiff, on her own behalf, as well as for her collective heirs, assigns, trustees, guardians, receivers, administrators, executors, and agents, hereby settles, waives, releases, and discharges all claims whatsoever against Defendants with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Plaintiff may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

    a. arising from Plaintiff's employment and separation from Defendants, including claims for any pay, wages, severance or severance pay, medical expenses, bonus, vacation, sick pay, notice pay, reimbursement of expenses, insurance, pay for unused benefits and all other terms and conditions of employment or employment practices;

    b. based on discrimination, retaliation or harassment on the basis of race, religion, sex or disability under the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964 (as amended), the Equal Pay Act, the Employee Retirement and Income Security Act of 1974 (as amended), the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, the Tennessee Human Rights Act, or any other federal, state or local anti-discrimination laws or common laws relating to discrimination in employment or otherwise regulating the employment relationship, or affecting the

health or safety of employees in the workplace;

c. based on any oral, written or implied contract, tort (such as negligent or intentional infliction of emotional distress, negligent retention or supervision, defamation, fraud, slander, invasion of privacy, etc.), promissory estoppels, public policy, retaliation, or wrongful discharge theory; and/or

d. relating to any attorney's fees, interest or costs (except as provided in this Agreement), including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

e. This Agreement does not release any right or claim of Plaintiff which may arise after the date of this Agreement.

Plaintiff also agrees not to sue or to authorize anyone else to file a lawsuit on her behalf against Defendants (or any of the other released parties) on any claims released herein. Plaintiff further agrees not to become a member of any class suing Defendants (or the other parties released) on any claims released herein. Plaintiff expressly acknowledges that this Settlement does not relinquish any protected rights she may have under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Americans with Disabilities Act ("ADA"), the Older Workers Benefit Protection Act ("OWBPA"), the Age Discrimination in Employment Act ("ADEA"), or the National Labor Relations Act ("NLRA") to file a charge, testify, assist or participate in any manner in an investigation, hearing or proceeding conducted by the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance, or the National Labor Relations Board; however, Plaintiff agrees that she cannot recover additional compensation or damages as a result of that participation.

Further, Plaintiff, on her own behalf, as well as for her collective heirs, assigns,

trustees, guardians, receivers, administrators, executors, and agents, hereby releases and forever discharges Defendants, its/their parents, subsidiaries, affiliates, and all of its/their respective present or former agents, employees, officers, directors, members, owners, partners, shareholders, consultants, attorneys, successors, and insurers (collectively, "the Released Parties") from any and all legal responsibilities, claims, rights of action, causes of action, suits, liabilities, demands, and damages whatsoever she has or may purport to have against the released parties arising out of Plaintiff's allegations that Defendant did not pay Plaintiff properly for the time she worked, including but not limited to such claims under the Fair Labor Standards Act, the Tennessee Wage Regulation Act, the Tennessee law of unjust enrichment, the Tennessee law of breach of contract, and any other law, statute, regulation, or common-law doctrine upon which Plaintiff might rely on to recover damages for time worked.

2. **Payment, Timing of Payment and Acceleration.** In exchange for and in consideration of the promises of Plaintiff in this Settlement and specifically the release of all Plaintiff's Claims as described in Paragraph 1 above, Defendants agree to pay the total gross amount of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ to Plaintiff which will be disbursed as follows:

   a. Defendants agree to pay ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ to Plaintiff. Individual 1099 Form will be delivered to Plaintiff for payment. Individual Plaintiff is to be paid according to the terms hereto as settlement for Plaintiff's disputed back wages owed, liquidated damages, and any and all other damages and relief as identified in Paragraph 1 above. Neither payroll withholdings nor taxes will be withheld by Defendants from this check.

b. Defendants agree to pay ███████████████ ████████████ to Plaintiff, which is for the release of Plaintiff's Age Discrimination in Employment Act claims against Defendants and which is payable on or within a reasonable time after the eighth (8th) day following execution of this Agreement, provided that there is no revocation (as described later in this Settlement) by Plaintiff of Plaintiff's waiver of ADEA claims. Individual 1099 Form will be delivered to Plaintiff for payment. Neither payroll withholdings nor taxes will be withheld by Defendants from this check.

c. Defendants agree to pay ███████████████ ████████████ representing settlement for any and all attorneys' fees, expenses, costs, and any and all other amounts incurred on the Plaintiff's behalf in a check made payable to Morgan & Morgan, P.A.. Plaintiff further agrees to provide to Defendants an IRS Form W-9 completed by Morgan & Morgan, P.A. prior to receiving the Settlement Amounts.

d. Except for the check which is consideration for the release of Plaintiff's ADEA claim, all checks will be mailed to counsel for Plaintiff within ten (10) business days after the last of the following has been completed/occurred: 1) Named Plaintiff signs the page 12 of this Settlement; 2) A signed Settlement is received by Defendants' counsel; 3) Defendants' counsel receives a completed W-9 form from Morgan and Morgan, P.A.; 4) the Court enters an Order in the matter styled *Cindy Zubak, on behalf of herself and others similarly situated v. Eagle Medical Staffing, LLC and Danny Harlow, Individually*, Case No. 2:14-CV-02779-SHL-CGC, pending in the United States District Court for the Western District of Tennessee, Western Division, approving this

Settlement; and 5) the Court enters an Order in the matter styled *Cindy Zubak, on behalf of herself and others similarly situated v. Eagle Medical Staffing, LLC and Danny Harlow, Individually*, Case No. 2:14-CV-02779-SHL-CGC, pending in the United States District Court for the Western District of Tennessee, Western Division, dismissing the matter with prejudice.

e. The Settlement checks will be delivered to Plaintiff's counsel, Chris Espy, Esq. with Morgan & Morgan, P.A. at 188 E. Capitol Street, Suite 777 Jackson, MS 39201.

3. **Prior Legal Obligations.** The Parties agree that Defendants have no prior legal obligation to make the payments set forth in Paragraph 2 or to provide any of the other consideration set forth in this Settlement.

4. **Taxes and Tax Indemnification.** Plaintiff acknowledges that Defendants have not made any representations concerning the taxability of consideration paid pursuant to this Agreement. Plaintiff acknowledges that any and all tax consequences are solely the responsibility of Plaintiff, and that Defendants will comply with the duty to report Plaintiff's receipt of cash consideration to the Internal Revenue Service and to all other appropriate agencies or authorities. To the extent the consideration is taxable within the meaning of any federal or state tax codes, Defendants assume no liability for any required tax payments and/or consequences of cash consideration paid. Plaintiff agrees to and shall indemnify, defend, and hold harmless Defendants from and against any and all liabilities, penalties, costs, and expenses of any type, kind, or nature, arising from any failure to properly report and/or pay taxes upon amounts paid to Plaintiff. Plaintiff also agrees to and shall indemnify and hold harmless Defendants from any and all attorney's fees and other legal expenses, and court costs of any type, kind, or nature, incurred by Defendants

in defending against any such attempted levy and/or collection of said taxes and/or in enforcing this indemnity.

5. **Full Cooperation.** Plaintiff agrees that no other person including, but not limited to, their attorneys, legal representatives, spouses, heirs, executor(trix), administrator(trix), agents, successors, predecessors and assigns may assert any Claims that they are releasing and discharging Defendants from in this Settlement and further agree that they will fully cooperate with Defendants in seeking dismissal of any such Claims that might be raised on their behalf individually or otherwise.

6. **Nonadmission of Liability.** It is understood that Defendants, by entering into this Settlement, in no way admit any liability, guilt, fault, responsibility, wrongdoing, or discrimination to any party or that they have in any way violated any constitution, common law, public policy, and/or local, state and/or or federal law, statute, regulation, order, and/or ordinance, or committed any of the acts serving as the basis for the allegations contained in *Cindy Zubak, on behalf of herself and others similarly situated v. Eagle Medical Staffing, LLC and Danny Harlow, Individually*, Case No. 2:14-CV-02779-SHL-CGC, pending in the United States District Court for the Western District of Tennessee, Western Division and the payments made herein were executed in connection with the settlement of disputed and doubtful claims. Plaintiff agrees and acknowledges that Defendants deny all allegations of improper or unlawful conduct or liability based on any claims, disputes, charges, complaints, or lawsuits covered by this Agreement, including this case.

7. **No Prevailing Party.** The Parties agree and acknowledge that this Agreement shall not be interpreted to render any Party to be a prevailing party for any purpose, including, but not limited to, an award of attorneys' fees under any law. The Parties hereto further agree that

the Parties are solely responsible for their respective costs and fees, including attorney's fees, incurred as a result of the Lawsuit, other than as agreed to in this Agreement.

8. **No Disparagement.** To the extent allowed and consistent with applicable law, Plaintiff shall not criticize, disparage or otherwise demean in any way Defendants.

9. **Prospective Employers.** Defendants agree not to disclose the existence or contents of this Settlement to any current and/or prospective employer of Plaintiff. If Defendants are contacted by any of Plaintiff's current and/or prospective employer, they may confirm dates of employment and job position only, but shall not make disparaging remarks against any Plaintiff.

10. **Reemployment of Plaintiff.** In further consideration of the aforementioned cash payments, Plaintiff agrees that Plaintiff will not, either presently or in the future, seek or accept employment, reemployment, or reinstatement, either as an employee, an independent contractor, or in any other capacity, with Defendants, or with any subsidiary or affiliated company, meaning a company that Defendants have ownership of 5% or more of the voting stock, or successor in interest.

11. **Plaintiff's Competency.** At the time of considering and executing this Agreement and at the time of signing this Agreement, Plaintiff agrees Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff acknowledges that Plaintiff is competent to execute this Agreement and that Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair Plaintiff's right or ability to waive all claims Plaintiff may have against the Released Parties. Plaintiff affirmatively states Plaintiff understands all of the terms of this Agreement and that Plaintiff voluntarily agrees to them.

12. **Authority to Enter Into Agreement.** Defendants' representative, in signing this Agreement, represents and warrants that he is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution of the Agreement and the performance of such party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms.

13. **Time to Consider.** Plaintiff states and acknowledges that Plaintiff has been advised in writing to consult with an attorney prior to signing this Settlement and has done so, and Plaintiff further acknowledges and agrees that Plaintiff has been given a period of at least twenty-one (21) days in which to consider the terms of this Settlement, but if Plaintiff has had less than twenty-one (21) days in which to consider the terms of this Settlement, then Plaintiff voluntarily waives the balance of such twenty-one (21) days..

14. **Revocability.** Plaintiff further understands that Plaintiff has seven (7) days from the date of execution of this settlement to revoke the release of Plaintiff's ADEA rights contained in this settlement, and if Plaintiff has not revoked the ADEA waivers in this settlement prior to the eighth (8th) day following the date of execution of this settlement, then the ADEA waivers in this settlement shall become effective, enforceable, and irrevocable as to the release of those ADEA rights. Plaintiff understands if she seeks to revoke the ADEA waivers in this Settlement, she must do so in writing and submitted to the Defendants' counsel, Courtney Leyes, via email at cleyes@laborlawyers.com. The remainder of this Settlement and all of its other releases and waivers between Plaintiff and Defendants and other Releasees becomes effective, enforceable, and irrevocable when the Court approves of this Settlement.

15. **Integration.** This Full and Complete Release of All Claims contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital. All oral discussions and prior agreements are merged herein, other than any enforceable confidentiality agreements that Plaintiff may have signed while Plaintiff was employed by Defendants or one of its related entities that pertain to non-disclosure of confidential and/or proprietary information of Defendants or one of its related entities, which remain in full force and effect (including after the execution of this Agreement), and this Agreement does not alter the promises and covenants contained therein.

16. **Complete Defense.** Plaintiff agrees that this Settlement may be treated as a complete defense to any Claims that may be brought, instituted, or taken by them, or on their behalf, individually or otherwise, against Defendants and shall forever be a complete bar to the commencement or prosecution of any Claims against Defendants.

17. **Binding Agreement.** This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective heirs, legatees, personal representatives and other legal representatives, parents, subsidiaries, affiliates, predecessors, successors and assigns. No provision of this Agreement may be amended or waived, except by a statement in writing signed by the Party against which enforcement of the amendment or waiver is sought.

18. **Partial Invalidity.** Plaintiff and Defendants agree that the provisions of this Settlement shall be deemed severable and that the invalidity or unenforceability of any provision or portion hereof shall not affect the validity or enforceability of the other portions or provisions.

19. **Breach or Violation of Agreement.** It is further understood and agreed that if, at any time, a material violation of any term of the Agreement is asserted by any Party hereto, that Party shall be entitled to seek injunctive relief, including, but not limited to, a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this Agreement. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

20. **Construction.** This Agreement has been jointly negotiated. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the Agreement.

21. **Governing State Law.** Should any questions arise as to the construction or interpretation of this Agreement, this Agreement shall be construed and interpreted according to the laws of the State of Tennessee. Any action brought to enforce any terms of this Agreement shall be brought in a court of competent jurisdiction located in the Western District of Tennessee.

22. **Execution.** For the convenience of the Parties, this Agreement may be executed in counterparts each of which shall be deemed an original but all of which taken together shall be deemed one instrument. Execution may be by email or fax, and a signed copy, sent by email or facsimile, shall have the same force and effect as an original document.

23. **Advice of Attorney/Opportunity to Review.** Each Party represents and warrants that in executing this Agreement, such Party has relied upon legal advice from its own attorneys; that the terms of this Agreement have been read and its consequences have been completely explained to that Party by its respective attorneys, if any, and that each such Party fully understands the terms of this Agreement. Each Party further represents and warrants that

in executing this Agreement it has not relied on any inducement, promise or representation by any other Party, or any person representing or acting on behalf of any such Party, not otherwise contained herein. Each Party represents and warrants that its execution of this Agreement is free and voluntary. The Parties understand and agree that, if the law or facts with respect to which this Agreement is executed are found hereafter to be other than, or different from, the law and facts now believed by the Parties to be true, the Parties expressly accept and assume the risk of such possible differences in law or facts and agree that the Agreement shall be and remain effective notwithstanding any such difference.

24. PLAINTIFF ACKNOWLEDGES, AGREES, AND UNDERSTANDS THAT THIS RELEASE IS A FULL AND FINAL BAR TO ANY AND ALL CLAIMS OF ANY TYPE, KNOWN OR UNKNOWN, THAT PLAINTIFF HAD, HAS, OR MAY NOW HAVE AGAINST THE RELEASED PARTIES UP THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT. PLAINTIFF AGREES THAT THE PAYMENT AND MONIES PLAINTIFF IS RECEIVING UNDER THIS AGREEMENT FULLY COMPENSATE FOR ANY WAGES ALLEGEDLY DUE PLAINTIFF FROM DEFENDANTS, ATTORNEY'S FEES AND COSTS, AS WELL AS FOR THE CLAIMS PLAINTIFF IS WAIVING IN THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF HAS NO OTHER PAYMENTS OR MONIES DUE TO PLAINTIFF OF ANY KIND FROM ANY RELEASED PARTY.

**[THE REMAINING PORTION OF THIS PAGE IS LEFT BLANK INTENTIONALLY]**

**Named Plaintiff,
Cindy Zubak**

By: _____
      Cindy Zubak

Date: _____

**[THE REMAINING PORTION OF THIS PAGE IS LEFT BLANK INTENTIONALLY]**

**Defendant,**
**Eagle Medical Staffing, LLC**


By: _____
    Danny Harlow

Date: _____


**Defendant,**
**Danny Harlow, Individually**


By: _____
    Danny Harlow

Date: _____


**[THE REMAINING PORTION OF THIS PAGE IS LEFT BLANK INTENTIONALLY]**